Filed 7/27/26  Ingalls v. Scott CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NICHOLAS W. INGALLS, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> BUZZ HARDY SCOTT, Individually and as Trustee, etc., <br><br> Defendant and Respondent. | F089877 <br><br> (Super. Ct. No. BPB-22-002359) <br><br> **OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Brett V. Myers, Judge.

Darling & Wilson and Joshua G. Wilson for Plaintiff and Appellant.

Kurt Van Sciver for Defendant and Respondent.

-ooOoo-

Nicholas W. Ingalls filed a petition raising a trust dispute against his uncle, Buzz Hardy Scott.[1]  After Nicholas's petition was dismissed at his request, the probate court ordered Nicholas to pay costs including expert witness fees to Buzz.

Nicholas challenges the order for costs.  He argues Buzz is not entitled to costs under Probate Code[2] section 15642, subdivision (d) because Nicholas's petition did not seek removal of Buzz as the trustee.  Nicholas also argues the order cannot be affirmed under section 1002 because Buzz did not assert that statute as a ground for costs.  If the costs are affirmed, Nicholas claims the expert witness fees are not recoverable and should be stricken.

We reverse the order for costs.

## FACTUAL AND PROCEDURAL BACKGROUND

We will summarize background facts to contextualize the disputed issues on appeal.  These facts, however, are primarily drawn from the parties' briefs as well as the pleadings filed below because no evidence was admitted in the probate court.  The background facts regarding the trust and subtrusts are undisputed except as described.

### I.     The Family Trust and Subtrusts

Walter and Martha Scott (collectively, the settlors) were married and had two children, Connie and Buzz.  Connie and her husband, Craig Ingalls, had a son, Nicholas.  Connie died in March 2002.

In June 2002, the settlors created the "Buzz Scott Family Trust" (hereafter, the trust).  The trust named both settlors as the initial trustees.

Martha died in 2006.  Pursuant to the trust's terms, the trust was divided after Martha's death between a survivor's trust and a residual trust that was further divisible

---

[1]     We refer to the parties and other members of the family by their first names for clarity.

[2]     Undesignated statutory references are to the Probate Code.

into an exclusion trust and marital trust. In 2007, Walter resigned as trustee of all the trusts and Buzz became the trustee.

Walter remarried to Gayle Henke in 2009. In 2010, Walter executed a first amendment to the survivor's trust. In a declaration signed the same day as the first amendment, Walter expressly made no provision in his estate for Gayle. Gayle signed a written statement acknowledging she would be unable to claim any part of what Walter accumulated for himself and his family prior to their marriage. Walter and Gayle divorced in 2012 but continued to cohabitate.

In October 2020, Walter executed a second amendment to the survivor's trust, an exercise of power of appointment (the exercise), and a notice of removal of current trustee and appointment of current trustee (the notice).[3] By the notice, Walter removed Buzz as the trustee of the survivor's trust and appointed Nicholas as the trustee in his place. The second amendment to the survivor's trust provided a 50 percent distribution to Nicholas of an industrial property (the property) on Shofner Lane in Bakersfield owned by the settlors. The amendment further provided that the trustee shall allow Craig to continue to operate Ingalls Machine on the property for a minimum of 20 years after Walter's death "on such commercially acceptable terms and conditions as are agreed upon between" Craig and the trustees of both the survivor's trust and the exclusion trust.

Buzz and Gayle became co-conservators of Walter in September 2021. Walter died on November 27, 2021.

II.     **Nicholas's Petition**

On April 7, 2022, Nicholas initiated this proceeding by filing a petition in the probate court. His petition as titled sought to confirm trustee to confirm the terms of the trust, the exercise of a power of appointment, for instructions and to compel transfer of real property. Buzz was named as the respondent as the trustee of the trust, the exclusion

---

[3]     Buzz disputes the validity of the trust instruments executed in 2020.

trust, and the marital trust.

Nicholas's petition alleged Buzz denied the validity of the second amendment, the exercise, and the notice. The petition pled five causes of action: (1) confirm validity of second amendment (§ 17200, subd. (b)); (2) confirm validity of exercise of power of appointment (*ibid.*); (3) confirm petitioner as trustee of survivor's trust (*ibid.*); (4) instruct trustees, Buzz and Nicholas, to comply with the second amendment and the exercise (§ 17200, subd. (b)(6)); and (5) order compelling transfer of property (§ 850, subd. (a)(3)(B)). For the third cause of action, the petition stated in relevant part: "By virtue of the Second Amendment and the Notice of Removal, [Nicholas] is the correct, legitimate and proper trustee of the Survivor's Trust, and [Buzz] has thereby been removed. [Nicholas] seeks an order confirming the removal of [Buzz] as Trustee of the Survivor's Trust and confirming that [Nicholas] is the current Trustee of the Survivor's Trust."

Nicholas's petition asked the probate court to issue an order that provides the following relief: "1. Confirms the Validity of the Second Amendment"; "2. Confirms the Validity of the Exercise"; "3. Confirms that [Nicholas] is the sole trustee of the Survivor's Trust"; "4. Instructions [Buzz] and [Nicholas], as trustees, to comply with the terms of the Second Amendment and the Exercise"; "5. Compel [Buzz] to transfer title and possession of the Properties to [Nicholas] as trustee of the Survivor's Trust"; and "6. For such other and further orders as the court may deem proper."

On September 19, 2022, Buzz filed an objection to Nicholas's petition.

The matter was scheduled for trial to start on January 7, 2025. On January 3, 2025, Nicholas filed a request for dismissal of his petition without prejudice. The matter was dismissed the same day pursuant to Nicholas's request.

### III.     **Memorandum of Costs**

On January 22, 2025, Buzz filed an amended memorandum of costs in the total

4.

amount of $34,438.96 including witness fees.[4]

On February 3, 2025, Nicholas filed a motion to strike or in the alternative tax costs. Buzz filed an opposition to Nicholas's motion.[5] Nicholas filed a reply to Buzz's opposition.

On March 6, 2025, the probate court held a hearing on Nicholas's motion to strike or in the alternative tax costs. After hearing arguments from both parties, the court granted Nicholas's motion in its entirety.

IV.  **Motion for Attorney Fees and Costs**

On February 21, 2025, Buzz filed a motion for attorney fees and costs. Buzz requested $34,684.35 in costs and $37,356 in attorney fees for a total amount of $72,040.35. The costs included: $435 for filing and motion fees; $6,628.20 for deposition costs; $902.16 for service of process; $2,480.47 for attachment expenses; $23,763 for expert witness fees; and $20.26 for fees for electronic filing or service.

As support for his motion, Buzz cited California Rules of Court,[6] rule 3.1702, Code of Civil Procedure section 1033.5, and section 15642. Buzz asserted that Nicholas's petition sought to enforce a purported amendment to the trust and remove Buzz as trustee. He claimed that after Nicholas dismissed his petition on January 3, 2025, he refiled "essentially the same petition" on January 8, 2025.

In his motion, Buzz asserted the following facts regarding the property. Since the early 1980s, Craig had operated a machining business known as Ingalls Machine on the property under a handshake agreement with Walter. Nicholas joined Craig in the business in or around 2000. In January 2020, Walter and Craig entered a written

---

[4]  Buzz's initial memorandum of costs filed on January 16, 2025, did not include a request for witness fees.

[5]  Buzz also filed a corrected opposition to Nicholas's motion to tax fees and costs because the originally filed opposition was missing pages.

[6]  Further rule references are to the California Rules of Court.

commercial lease for Ingalls Machine's use of the property for $750 per month. This lease was reportedly entered immediately after Walter was diagnosed with cancer and considered to have dementia in 2019. In October 2020, Walter and Ingalls Machine executed another written lease of the property for 20 years for $1,000 per month.

Buzz claimed Craig organized the second amendment to the survivor's trust and the 20-year lease of the property in 2020. He also claimed Walter denied making any changes to the survivor's trust. In December 2020, a forensic psychologist interviewed Walter and determined he lacked capacity to have made the changes. On December 13, 2021, Buzz's attorney sent a letter to Nicholas contesting the validity of the second amendment and claiming the amendment had not been properly delivered.

Buzz had conducted discovery in response to Nicholas's petition including deposing Nicholas, Craig, Gayle, and Kevin Danley.[7] Buzz had also secured an expert witness on capacity. He was prepared for the trial set for January 7, 2025, but Nicholas dismissed the case before trial.

Buzz argued Nicholas sought removal of him as trustee by the third cause of action and was unsuccessful as the cause was dismissed before trial. He claimed entitlement to costs and fees pursuant to section 15642, subdivision (d). Buzz contended Nicholas prosecuted the action in bad faith because (1) the purported amendment was never delivered; (2) the evidence of undue influence was overwhelming; and (3) Nicholas and Ingalls Machine immediately refiled new cases raising the same allegations. Buzz reportedly brought an unlawful detainer on the trust's behalf against Ingalls Machine related to the lease on the property. Buzz asserted Nicholas and Ingalls Machine used the initial trust proceeding to stay the unlawful detainer action and dismissed and refiled the action to protract the unlawful detainer proceeding.

---

[7] Danley is the estate planning attorney who prepared the second amendment to the survivor's trust in 2020.

On March 10, 2025, Nicholas filed an opposition to Buzz's motion for attorney fees and costs. He argued section 15642 did not apply nor give a basis for attorney fees because Nicholas's petition did not seek Buzz's removal as trustee. Nicholas claimed his petition sought instead to confirm the validity of the instruments that had already removed Buzz as trustee.

In the alternative, Nicholas argued if section 15642 applies, Buzz had not shown that Nicholas filed the petition in bad faith. Nicholas claimed Buzz's evidence was irrelevant to his motion under section 15642, subdivision (d) because it did not show the filing was in bad faith but was instead directed at Nicholas's dismissal of the petition. He asserted the case law cited by Buzz was distinguishable and the petition was voluntarily dismissed because any judgment would have been open to collateral attack. Regarding the latter assertion, Nicholas argued Craig had a property interest as a beneficiary under the second amendment but had not received notice of the action, which would leave any judgment open to collateral attack.

Nicholas also argued the court has the discretion to award costs, but attorney fees may only be awarded as provided by contract, statute, or law. Nicholas argued section 1002 supplants Code of Civil Procedure section 1032, subdivision (b) and provides that costs are only awarded in the court's discretion, not as a matter of right. Nicholas claimed no statutory authority entitles Buzz to attorney fees because he was not entitled to such fees under section 15642, subdivision (d).

Nicholas further claimed Buzz can use his evidence in the new cases and an award of costs and attorney fees would be premature. He faulted Buzz for failing to file a cross-petition contesting the trust instruments.

On March 10, 2025, Nicholas separately filed evidentiary objections to Buzz's and Buzz's attorney's declarations that were filed with the motion for attorney fees and costs.

On March 14, 2025, Buzz filed a response to Nicholas's evidentiary objections. On the same date, Buzz also filed a reply brief in support of his motion for attorney fees

7.

and costs. In his brief, Buzz argued Nicholas's explanation for the dismissal based on a potential collateral attack was a chimera as Nicholas could have provided Craig with notice of the action rather than dismissing the petition entirely.

On March 21, 2025, the probate court held a hearing on Buzz's motion for attorney fees and costs. The court heard both parties' arguments and took the matter under submission.

On April 25, 2025, the probate court summarily granted in part and denied in part the motion for attorney fees and costs. The court denied the request for attorney fees but granted the request for costs in the amount of $34,684.35. The court's order memorializing its ruling issued on May 8, 2025. Notice of entry of order was served on May 15, 2025.

Nicholas filed a timely appeal challenging the order for costs.

## DISCUSSION

We generally review a trial court's order for costs for abuse of discretion. (*Berkeley Cement, Inc. v. Regents of University of California* (2019) 30 Cal.App.5th 1133, 1139.) "However, when the issue to be determined is whether the criteria for an award of costs have been satisfied, and that issue requires statutory construction, it presents a question of law requiring de novo review." (*Ibid.*)

"The scope of discretion always resides in the particular law being applied." (*City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297.) "A trial court abuses its discretion when it applies the wrong legal standards applicable to the issue at hand." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 85; *Williams v. Superior Court* (2017) 3 Cal.5th 531, 540.) Accordingly, "a discretionary decision may be reversed if improper criteria were applied or incorrect legal assumptions were made." (*F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 15.)

## I.  <u>**Authority to Award Costs Under the Probate Code**</u>

" 'The right to recover any of the costs of a civil action "is determined entirely by statute." ' " (*Berkeley Cement, Inc. v. Regents of University of California*, *supra*, 30 Cal.App.5th at p. 1139.) Code of Civil Procedure section 1032, subdivision (b) generally provides that the prevailing party is entitled to their costs as a matter of right as follows: "*Except as otherwise expressly provided by statute*, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Italics added.) By its express terms, Code of Civil Procedure section 1032, subdivision (b) applies only in the absence of a different statute.

Section 1000, subdivision (a) specifies that "the rules of practice applicable to civil actions" apply to proceedings under the Probate Code "[e]xcept to the extent that this code provides applicable rules." Section 1002 provides its own rule for costs in probate proceedings: "Unless it is otherwise provided by this code or by rules adopted by the Judicial Council, either the superior court or the court on appeal may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require." Accordingly, "although Code of Civil Procedure section 1032, subdivision (b) entitles a prevailing party in ordinary civil litigation to costs as a matter of right, the probate court retains discretion to decide not only *whether* costs should be paid, but also, if they are awarded, who will pay and who recover them." (*Hollaway v. Edwards* (1998) 68 Cal.App.4th 94, 99.)

Section 1002 thus creates an exception to the general rule in civil proceedings that the prevailing party is entitled to costs as a matter of right. The probate court instead has the discretion to order costs be paid by any party to the proceedings "as justice may require." (§ 1002.)

II.      <u>Analysis</u>

A.      **Costs for Petition for Removal of a Trustee**

Buzz's motion for attorney fees and costs asserted entitlement to costs under section 15642, subdivision (d) because Nicholas purportedly sought Buzz's removal as the trustee. Nicholas argues Buzz is not entitled to costs under that statutory subdivision because his petition did not seek Buzz's removal as trustee but instead sought confirmation that Buzz had already been removed. Buzz responds that whether Nicholas was asking for his removal or confirmation of his removal, the petition's intended result was the same—namely, an order that Buzz is removed as trustee of the survivor's trust. Nicholas has the better argument.

"The probate court has general power and duty to supervise the administration of trusts. Proceedings in the probate court 'concerning the internal affairs of the trust' are commenced with the filing of a petition." (*Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 427, citing §§ 17201, 17200, subd. (a).)

Under section 17200, "[p]roceedings concerning the internal affairs of a trust include, *but are not limited to*, proceedings for" 23 specified purposes. (§ 17200, subd. (b), italics added.) Section 17200, subdivision (b) identifies "removing a trustee" as one of the purposes for filing a petition. (§ 17200, subd. (b)(10).) Removal of a trustee is governed by section 15642, which allows a trustee's removal "by the court on its own motion, or on petition of a settlor, cotrustee, or beneficiary under [s]ection 17200." (§ 15642, subd. (a).) Section 15642, subdivision (b) specifies eight grounds for a trustee's removal as well as a catchall ground "[f]or other good cause" (§ 15642, subd. (b)(9)).

Section 15642, subdivision (d) gives the probate court the authority to order costs related to a petition for removal of a trustee as follows: "If the court finds that the petition for removal of the trustee was filed in bad faith and that removal would be contrary to the settlor's intent, the court may order that the person or persons seeking the

10.

removal of the trustee bear all or any part of the costs of the proceeding, including reasonable attorney's fees." While the court has broad discretion to order costs under section 1002, an order for costs under section 15642, subdivision (d) requires the court to further "determine that [the petitioner] filed the petition for removal of [the trustee] in bad faith, and that [the trustee's] removal … would be contrary to [the settlor's] intent." (*Bruno v. Hopkins* (2022) 79 Cal.App.5th 801, 822.)

We conclude Nicholas's petition is not reasonably construed as a petition for removal of Buzz as trustee of the survivor's trust under section 15642. The petition cited section 17200, subdivision (b) generally for the first three causes of action. The fourth cause of action cited section 17200, subdivision (b)(6) for "[i]nstructing the trustee" and expressly sought to instruct Buzz as "trustee of the [t]rust, [m]arital [t]rust and the [e]xclusion [t]rust." Buzz was not referred to as trustee of the survivor's trust. The final cause of action cited section 850, section (a)(3)(B) which permits certain persons to file a petition requesting a court order "[w]here the trustee has a claim to real or personal property, title to or possession of which is held by another." The petition did not cite section 15642 nor section 17200, subdivision (b)(10), and no assertion was made in the petition of any grounds under section 15462, subdivision (b) for a trustee's removal.

Nicholas's prayer for relief in his petition did not ask the probate court for an order removing Buzz as the trustee. He instead requested the court confirm him as the sole trustee and instruct Buzz's compliance with the second amendment and the exercise. From Nicholas's perspective, Buzz had already been removed as trustee of the survivor's trust. In other words, Nicholas presumably believed there was no reason to pursue Buzz's removal from a role his uncle did not rightfully hold following the 2020 trust

11.

instruments.[8]  After Buzz had denied the validity of these instruments in his letter to Nicholas of December 13, 2021, Nicholas's petition sought to invoke the court's authority over the trust's internal affairs to force Buzz's compliance.

The "probate court has wide, express powers to 'make any orders and take any other action necessary or proper to dispose of the matters presented' by the section 17200 petition." (*Schwartz v. Labow*, *supra*, 164 Cal.App.4th at p. 428, quoting § 17206.)  The probate court thus had the authority to address the relief Nicholas sought, which did not include Buzz's removal as trustee of the survivor's trust.  The court could not, however, order costs for Buzz under section 15642, subdivision (d) because Nicholas's petition was not a petition for removal of a trustee.

In conclusion, the order for costs cannot be affirmed under section 15642.  Because section 15642 is not applicable, we do not address Nicholas's argument the probate court was required under section 15642 to make express findings that the petition was filed in bad faith and would be contrary to the settlor's intent.

### B.     Alternative Grounds for Affirming the Order

We turn to whether the order may be affirmed based on the probate court's discretionary authority to order costs under section 1002.

Nicholas argues the order can be affirmed if the record supports a cost order under section 15642, subdivision (d) but not if the order can only be justified on a separate legal ground not raised in Buzz's motion.  He points out Buzz's motion for attorney fees and costs relied on section 15642, subdivision (d), not section 1002.  Nicholas contends the probate court was limited to granting relief based on the grounds stated in the notice of motion pursuant to Code of Civil Procedure section 1010.  In response, Buzz claims

---

[8]     We emphasize this is Nicholas's position.  We make no comment on the validity of the trust instruments executed in 2020, an issue that is not before us and on which we express no opinion.  Nothing in this opinion should be construed as a determination of the parties' dispute regarding those instruments.

section 1002 provides alternative grounds for affirmance of the court's order but does not specifically address Nicholas's arguments regarding his motion's omission of section 1002 as grounds for relief.

Code of Civil Procedure section 1010 provides in relevant part: "Notices must be in writing, and the notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based." Rule 3.1110(a) further provides that "[a] notice of motion must state in the opening paragraph the nature of the order being sought and the grounds for issuance of the order."

Because due process of law requires a party be given notice and an opportunity to be heard before relief is granted against the party (*Gilbert v. City of Sunnyvale* (2005) 130 Cal.App.4th 1264, 1279), a court generally will only consider the grounds for relief stated in the notice of motion (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1125; *366–386 Geary St., L.P. v. Superior Court* (1990) 219 Cal.App.3d 1186, 1199). "The purpose of the notice requirements 'is to cause the moving party to "sufficiently define the issues for the information and attention of the adverse party and the court." ' [Citations.] Sometimes this purpose is met notwithstanding deficient notice. For example, it may be sufficient that the supporting papers contain the grounds for the relief sought, even if the notice does not. [Citations.] It also may be sufficient if the omitted issue, or ground for relief, was raised without objection before the trial court." (*Kinda v. Carpenter* (2016) 247 Cal.App.4th 1268, 1277; *Golf & Tennis Pro Shop, Inc. v. Superior Court* (2022) 84 Cal.App.5th 127, 137.)

Buzz's notice of motion, motion for attorney fees and costs, and memorandum of points and authorities contain no reference to section 1002. His moving papers did not argue the probate court could order attorney fees and costs under its discretionary authority in section 1002. The motion relied solely on section 15642 as statutory authority for the court to order attorney fees and costs while also citing Code of Civil

13.

Procedure section 1033.5, which simply identifies the items allowable as costs. The following relevant colloquy took place during the hearing on Buzz's motion:

"THE COURT: The [c]ourt is going to approve the motion for costs or the memorandum of costs. I just need to get that dollar amount. I think it's at $34,000.

"[NICHOLAS'S ATTORNEY]: Your Honor, is the [c]ourt proposing to grant the motion? Because there's not a memorandum of the cost pending before the [c]ourt. There's a motion for fees and costs. The [c]ourt previously struck the memorandum of costs that was filed without a court order.

"[BUZZ'S ATTORNEY]: Right. We had filed a memorandum and we had filed this motion, kind of a belt and suspenders approach. [¶] The [c]ourt previously ordered the memorandum struck and this motion requests a[s] costs $34,684.35 and then we requested fees in the amount of $37,356.

"THE COURT: I have to get the amount. All right. I'm going to have to issue the order after hearing on this matter. I will get that out today because I cannot find my notes on the dollar amounts on the motion.

"[NICHOLAS'S ATTORNEY]: If I may, Your Honor, I would object to the word [*sic*] costs. We haven't argued it.

"THE COURT: Correct.

"[NICHOLAS'S ATTORNEY]: He sought them under [s]ection 615642 [*sic*], the substance of which we have yet to argue. He has not sought them under [section] 1002. The motion is not based on that and I would object to consideration by the [c]ourt of basing costs on 1002.

"THE COURT: [Buzz's attorney].

"[BUZZ'S ATTORNEY]: I understood the [c]ourt said it was granting the motion. Is that incorrect?

"THE COURT: It was based upon Probate Code [s]ection 1002.

"[NICHOLAS'S ATTORNEY]: Your Honor, the notice of motion is very clearly based solely on [section] 15642, which authorizes fees and costs. There are different statutory bases with different considerations.

14.

"THE COURT:  They are.

"[BUZZ'S ATTORNEY]:  The Probate Code [s]ection does give the [c]ourt the power to order discretionary amount of costs under [s]ection 1002.  We would request the [c]ourt grant it under that section as well as [s]ection 15642.

"[NICHOLAS'S ATTORNEY]:  The motion is not based on [section] 1002.  I don't refute the [c]ourt's authority to do that.  It's not before the [c]ourt today.

"THE COURT:  That, I don't recall, was in the notice of motion.

"[BUZZ'S ATTORNEY]:  I don't believe it is in the notice of motion.

"THE COURT:  I'm going to have to issue a ruling after the hearing. I will entertain arguments on the cost request.

"[NICHOLAS'S ATTORNEY]:  It's attorney's fees and costs, Your Honor.  Costs are claimed differently.  If the [c]ourt awards costs, he would need to file a memorandum.

"THE COURT:  I thought I saw a memorandum.

"[NICHOLAS'S ATTORNEY]:  The [c]ourt struck that.  It was prematurely filed.  There is nothing currently before the [c]ourt, other than what is in his motion.  [¶]  The [c]ourt has to determine that he is entitled to costs first and then he can claim them.  He has a substantial amount of expert witness fees which he is not entitled to.  If the [c]ourt were to order costs, we would move a tax on that basis.  I don't think that is in front of the [c]ourt this morning.  [¶]  We are here first and foremost on the question of whether or not this proceeding qualifies from the terms of [section] 15642 in the first place.

"THE COURT:  Was the motion completely brought under that section?

"[NICHOLAS'S ATTORNEY]:  It is currently brought under that section.  We contend that it is not appropriate in this case.

"[BUZZ'S ATTORNEY]:  The parties just argued the substance of motion.

"THE COURT:  And [Buzz's attorney], your response?

15.

"[BUZZ'S ATTORNEY]: We brought a motion under [section] 15642. We are entitled to do so. The [c]ourt can rule on it."

Buzz then proceeded to argue his motion for costs and attorney fees based entirely on section 15642.

Buzz conceded at the hearing that his written motion did not include section 1002 and solely sought attorney fees and costs under section 15642. He did not claim entitlement to costs under section 1002 until the hearing. When he did so, Nicholas objected and argued against the probate court's consideration of Buzz's request for costs under a statutory provision that had not previously been asserted. Buzz proceeded to argue his motion based only on section 15642. Buzz's motion was thus litigated entirely on whether he was entitled to attorney fees and costs under that statute. This is not a case where the supporting papers contain the grounds for relief, or the opposing party did not object to the omitted ground for relief. This case therefore does not fall within the exceptions that allow the lower court to award relief not specified in a notice of motion. Under these circumstances, we conclude the order for costs cannot be affirmed under section 1002.

As we have already concluded section 15642 is not applicable, the probate court's order for costs was erroneously issued and must be reversed. In view of our disposition, we do not address Nicholas's argument that the order for costs requires a final determination on the merits for the court to exercise its discretion under section 1002, nor do we address his argument that the expert witness fees should be disallowed.

Though the order for costs is reversed, we note the parties continue to litigate Nicholas's second petition. Nothing in this opinion prevents either party from subsequently seeking costs and/or attorney fees as permitted under the law in relation to their continued dispute.

## DISPOSITION

The probate court's order for costs is reversed.  In the interests of justice, the parties shall bear their own costs on appeal.

HARRELL, J.

WE CONCUR:

FRANSON, Acting P. J.

DESANTOS, J.